**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANA CONLEY, | Case No.: 1:13-cv-02051 - JLT |
| Plaintiff, | ORDER DIRECTING CLERK TO ISSUE SUMMONS AND SOCIAL SECURITY CASE DOCUMENTS |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ORDER DIRECTING UNITED STATES MARSHAL FOR SERVICE OF THE FIRST AMENDED COMPLAINT |
| Defendant. | |

Lana Conley ("Plaintiff") is proceeding *in forma pauperis* with an action seeking judicial review of a determination of the Social Security Administration denying her application for benefits. Plaintiff filed a First Amended Complaint on January 29, 2014. (Doc. 4.) For the following reasons, the Court finds service of the First Amended Complaint is appropriate, and directs the Clerk to issue summons and Social Security case documents.

**I.      Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed

complaint.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**II.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give a defendant fair notice of the claims against him, and the grounds upon which the action stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted:  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks, citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

**III.    Discussion and Analysis**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits.  (Doc. 4.)  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*.  Except as permitted by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).  These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final

1  decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at *4-5 (E.D. Cal.

2  Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424

3  U.S. 319, 328 n. 9 (1976)).

4         According to Plaintiff, the Appeals Council denied her request for review of the decision

5  rendered by the administrative law judge on September 17, 2013, at which time the decision became

6  the final decision of the Commissioner.  (Doc. 4 at 2.)  Therefore, Plaintiff's request for review would

7  be due no later than November 16, 2013.  However, Plaintiff's counsel requested the Appeals Council

8  grant an extension of time of thirty days to file a civil action on November 13, 2013.  (*Id.*)  The

9  Appeals Council granted the request for an extension of time on January 7, 2014.  (*Id.*)  Accordingly,

10  Plaintiff initiated this action in a timely manner, and the Court has jurisdiction over her request for

11  review of the Commissioner's decision.

12  **VI.**    **Conclusion and Order**

13         Plaintiff's First Amended Complaint states a cognizable claim for judicial review of the

14  decision denying her request for Social Security benefits.  Based upon the foregoing, **IT IS HEREBY**

15  **ORDERED**:

16        1.     The Clerk of Court is DIRECTED to issue summons as to the defendant, Carolyn

17              Colvin, Acting Commissioner of Social Security;

18        2.     The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case

19              Documents, including the Scheduling Order, Order regarding Consent, the Consent

20              Form, and USM-285 Forms; and

21        3.     The U.S. Marshal is DIRECTED to serve a copy of the First Amended Complaint

22              (Doc. 4), summons, and this order upon the defendant as directed by Plaintiff in the

23              USM Forms.

25  IT IS SO ORDERED.

26    Dated:  __**January 31, 2014**__      ____**/s/ Jennifer L. Thurston**

27                               UNITED STATES MAGISTRATE JUDGE