UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA CONLEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-02051- JLT<br><br>ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD (Doc. 13)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN OPENING BRIEF |

On September 15, 2014, attorney Lawrence Rohlfing filed a motion to withdraw as attorney of record for Plaintiff Willie Rogers. (Doc. 13.) Mr. Rohlfing reports he is unable to continue his representation of Plaintiff, who has not opposed this motion. Defendant Carolyn Colvin, Acting Commissioner of Social Security, does not oppose Mr. Rohlfing's request. (Doc. 15.) For the following reasons, Mr. Rohlfing's motion to withdraw is **GRANTED**.

**I.     Procedural History**

Plaintiff initiated this action by filing a complaint on December 16, 2013, seeking judicial review of the administrative decision denying her application for benefits. (Doc. 1.) Mr. Rohlfing filed the motion now before the Court on September 15, 2014. (Doc. 13.) The Court set a briefing schedule on the motion to withdraw, ordering Plaintiff and Defendant to file any response no later than October 8, 2014. (Doc. 14.) In addition, the Court cautioned Plaintiff that "failure to respond to the motion may result in the motion being granted as unopposed." (*Id.* at 2, emphasis omitted.) Defendant filed a

notice of non-opposition to the motion on September 25, 2014.  (Doc. 15.)  To date, Plaintiff has not responded to the Court's order, thereby indicating she does not oppose the motion.

**II.     Discussion and Analysis**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California.  See LR 182.  The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively."  Cal. R.P.C. 3-700(C)(1)(d).  Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.*  Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case.  CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit."  LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court.").  Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal.  *Id.*, 2009 WL 989141, at *1-2.

Here, Mr. Rohlfing asserts he is unable to continue to representation because he "has not been able to contact his client." (Doc. 13 at 3.)  According to Mr. Rohlfing, after the administrative record was lodged, he wrote to Plaintiff "seeking direction on how the client wished to proceed."  (*Id.*)  He followed up with two more letters on August 25, 2014 and September 2, 2014.  (*Id.*)  Mr. Rohlfing also "requested the assistance from the administrative attorneys that represented the plaintiff before the agency on August 25, 2014, and September 2, 2014."  (*Id.*)  The letters were not returned by the Post Office, but Plaintiff failed to respond to Mr. Rohlfing's letters.  (*Id.* at 3-4.)  Consequently, he is unable to "obtain direction or scope of authority to act in this matter."  (*Id.* at 4.)

The declaration, and the proofs of service of the motion and amended motion to withdraw indicate clearly indicate all parties, including Plaintiff, were served with the documents required by the California Rules. Plaintiff did not oppose the motion to withdraw despite the Court's warning that failure to respond could result in the motion being granted as unopposed. It does not appear that Defendant would suffer any prejudice. Further, any delay to the resolution of this case caused by the withdrawal will be minimal. Accordingly, the factors set forth by the Court in *Canandaigua Wine Co., Inc. v. Moldauer* weigh in favor of granting the motion to withdraw.

### III.  Conclusion and Order

Lawrence Rohlfing followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiff's attorney, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. See LR 182.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion to withdraw (Doc. 13) is **GRANTED**;

2. The Clerk's Office **SHALL TERMINATE** Lawrence Rohlfing as "Lead Attorney to be Noticed" for Plaintiff in the Court docket, and update the docket to reflect Plaintiff's last known contact information as follows:

   > Lana Conley
   > 3093 S. Orchid Ave.
   > Sanger, CA 93657

3. Plaintiff **SHALL** file an opening brief in this action, no later than **November 17, 2014**, which includes the following:

   a.  a plain description of Plaintiff's alleged physical or emotional impairments, when appellant contends they became disabling, and how they disable appellant from work;

   b.  a summary of all relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

   c.  a summary of the relevant testimony at the administrative hearing;

   d. a recitation of the Commissioner's findings and conclusions relevant to appellant's claims;

   e. a short, separate statement of each of Plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and

   f. argument separately addressing each claimed error.

**<u>Plaintiff is advised that failure to comply with this Order will result in the action being dismissed pursuant to Local Rule 110</u>**.

IT IS SO ORDERED.

Dated: **October 15, 2014**     **/s/ Jennifer L. Thurston**
                  UNITED STATES MAGISTRATE JUDGE