# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA L. CONLEY,<br><br>                 Plaintiff,<br><br>       v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>                 Defendant. | Case No.: 1:13-cv-02051 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Plaintiff Lana Conley initiated this action by filing a complaint against Carolyn Colvin, Acting Commissioner of Social Security on December 16, 2013. (Doc. 1.) On February 18, 2014, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 7.) Pursuant to the Scheduling Order, the administrative record was lodged on June 13, 2014. (Doc. 11.)

Plaintiff's counsel, Lawrence Rohlfing filed a motion to withdraw as attorney of record, which was granted by the Court on October 15, 2014. (Docs. 11-12). The Court ordered Plaintiff to file her Opening Brief "no later than November 17, 2014." (Doc. 16 at 3, emphasis omitted.) To date, Plaintiff has failed to file an Opening Brief, or otherwise respond to the Court's order. Notably, she was advised that failure to comply with the Court's order would result in dismissal of the action pursuant to Local Rule 110. (*Id.* at 4.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within fourteen days** of the date of service of this Order why the action should not be dismissed for her failure to prosecute or to follow the Court's Order, or in the alternative to file her opening brief.

IT IS SO ORDERED.

Dated:   **November 20, 2014**          /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE

2