UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA CONLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:13-cv-02051 - JLT<br><br>ORDER DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

      Plaintiff Lana Conley is proceeding *pro se* and *in forma pauperis* in this action for judicial review of the administrative decision denying her application for Social Security benefits, asserting the opinion of the administrative law judge lacked the support of substantial evidence. (Doc. 1.) However, Plaintiff has failed to prosecute the action and failed to comply with the Court's orders. Accordingly, the action is **DISMISSED** without prejudice.

**I.     Background**

      Plaintiff initiated this action by filing a complaint on December 16, 2013. (Doc. 1.) Plaintiff's counsel, Lawrence Rohlfing filed a motion to withdraw as attorney of record, which was granted by the Court on October 15, 2014. (Docs. 15-16.) The Court ordered Plaintiff to file her opening brief "no later than November 17, 2014," and advised Plaintiff that failure to comply with the Court's order would result in dismissal of the action pursuant to Local Rule 110. (Doc. 16 at 3-4, emphasis omitted.)

Because Plaintiff failed to file an opening brief, the Court issued an order to show cause on November 20, 2014. (Doc. 17.) The Court informed Plaintiff that the action may be dismissed for her failure to prosecute and failure to comply with the Court's orders. (*Id.* at 1-2.) The Court ordered Plaintiff to show cause why the action should not be dismissed, or in the alternative to file an opening brief. (*Id.*) To date, Plaintiff has failed to comply with or otherwise respond to the Court's orders.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in

managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute.  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that failure to comply with the Court's order to file an opening brief would "**result in the action being dismissed**."  (Doc. 16 at 4, emphasis in original).  In addition, in the Order to Show Cause, the Court reminded Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order."  (Doc. 17 at 2.)  Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders, and her failure to prosecute the action.  Further, these warnings satisfy the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.   Conclusion and Order**

Plaintiff failed to comply with, or otherwise respond to, the Court's orders dated October 15, 2014 (Doc. 16) and November 20, 2014 (Doc. 17).  Plaintiff has also failed to prosecute this action through her failure to file an opening brief.  Accordingly, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED without prejudice**; and
2. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **December 12, 2014**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE